UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY A. VILLAREAL, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:19-CV-2851 RLW ) |
| B&C CONTRACTING SPECIALIST INC., et al., | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand to State Court. [ECF No. 8.] Defendant B&C Contracting Specialist Inc., d/b/a B&C Superior Contracting, LLC ("B&C") opposes the motion. Plaintiffs did not file a reply in support of their motion and the time to do so has passed. Because the removal was timely the Court will deny the motion to remand. On the Court's own motion, Defendant B&C will be ordered to file an Amended Notice of Removal to correct its defective jurisdictional allegations, or this matter will be remanded for lack of subject matter jurisdiction. .

**I.   Background**

In September 2018, Plaintiffs Kimberly Villareal and Brian Hobby entered into a construction contract with Defendant B&C for construction work on the Plaintiffs' property.[1] Plaintiffs filed this action in state court on August 12, 2019, asserting claims for breach of contract, money had and received, unjust enrichment, fraudulent misrepresentation, and violation of the Missouri Merchandising Practices Act against Defendants B&C, Brian Bernasco, and Cassie Bernasco.

---

[1] The Petition states that the parties' contract is attached as Exhibit 1, but the Petition in the state court record filed upon removal does not have an exhibit attached thereto.

Defendants Brian Bernasco and Cassie Bernasco (collectively "the Bernascos") were served with summons and petition by personal service on Cassie Bernasco on September 11, 2019.[2] Plaintiffs served Defendant B&C by sending a copy of the summons and petition to the Missouri Secretary of State, B&C's designated agent for service of process, on September 17, 2019. The Secretary of State received the summons and petition on September 24, 2019, and sent them to B&C by UPS. (ECF No. 9-1 at 2.) The UPS tracking system shows B&C received the summons and petition from the Missouri Secretary of State on September 28, 2019. (Id. at 4.) B&C removed the case to this Court on October 21, 2019. The Bernascos did not join in or consent to the Notice of Removal.

## II.   Legal Standard

"[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002); all doubts about federal jurisdiction must be resolved in favor of remand, Dahl v. R.J. Reynolds Tobacco Co., 478 F.3d 965, 968 (8th Cir. 2007)." Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009).

"Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States." 28 U.S.C. § 1441(a). The notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Id. § 1446(b). The thirty-day window is triggered when the defendant is officially served, and state law determines

---

[2]Based on the state court record filed upon removal, it appears neither Defendant Brian Bernasco nor Defendant Cassie Bernasco filed an answer or other responsive pleading in state court, and neither has done so in this Court following removal. See Rule 81(c)(2)(A), Fed. R. Civ. P. These defendants are therefore in default.

2

when a defendant is properly served. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351 (1999).

**III.  Discussion**

A.  The Removal was Timely

Plaintiffs argue the removal was untimely because B&C was served when the Missouri Secretary of State received service on its behalf on September 6, 2019, the Bernascos were served on September 11, 2019, and the Notice of Removal was filed more than thirty days later, on October 21, 2019. B&C responds that the thirty-day time period for filing a Notice of Removal begins to run not when the Secretary of State is served, but when the party seeking removal is served.

Although it does not appear the Eighth Circuit has addressed this issue, it is generally established under § 1446(b) that "the time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service, as prescribed in the Murphy Brothers case," and not from the time of service on a statutory agent, such as the Missouri Secretary of State. 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3731 (Rev. 4th ed.). See, e.g., Anderson v. State Farm Mut. Auto. Ins. Co., 917 F.3d 1126 (9th Cir. 2019) ("[T]he thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and began in this case only when State Farm actually received the Andersons' complaint."); Elliott v. American States Ins. Co., 883 F.3d 384 (4th Cir. 2018) ("[W]e now hold that service on a statutory agent is not service on the defendant within the meaning of § 1446(b)."); Mahony v. Witt Ice & Gas Co., 131 F. Supp. 564, 568 (W.D. Mo. 1955) (the "period prescribed by Section 1446(b) runs from actual receipt of the initial pleading by a [defendant], and not from time of service on the Secretary of

3

State who is a mere statutory agent with no duty to perform with respect to service upon him, other than to forward the process to the non-resident defendant.").

Because the thirty-day removal window was triggered when B&C received the summons and petition from the Missouri Secretary of State on September 28, 2019, and the Notice of Removal was filed on October 21, 2019, the removal was timely.[3]

B. B&C's Notice of Removal is Defective

"Courts have an independent obligation to determine whether subject matter jurisdiction exists[.]" Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Removal statutes are to be strictly construed. Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002).

In removal cases, the district court reviews the petition pending at the time of removal to determine the existence of subject matter jurisdiction. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 291 (1938). It may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); Ratermann v. Cellco P'ship, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). The removing defendant, as the party invoking jurisdiction, bears the burden to prove that all prerequisites to jurisdiction are met. Central Iowa Power, 561 F.3d at 912. "[A]ll doubts about federal jurisdiction must be resolved in favor of remand[.]" Id.

---

[3]Ordinarily, all defendants must join in a notice of removal or the case will be remanded. Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 754 n.2 (8th Cir. 2001). See 28 U.S.C. § 1446(b)(2)(A). This is a procedural defect, however, which is waived unless objected to within 30 days of removal. Nolan v. Prime Tanning Co., Inc., 871 F.2d 76, 78 (8th Cir. 1989). Plaintiffs did not raise the "rule of unanimity" in their Motion to Remand.

4

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. Buckley v. Control Data Corp., 923 F.2d 96, 97 n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. § 1332(a), (c)(1); Sanders v. Clemco Indus., 823 F.2d 214, 215 n.1, 216 (8th Cir. 1987). Further, "[I]t is not enough for the parties to be diverse only at the time of removal. Nearly two centuries of precedent establish diversity of citizenship must also exist at the time of commencement." Reece v. Bank of New York Mellon, 760 F.3d 771, 777 (8th Cir. 2014).

Here, the Petition alleges that the Plaintiffs are "residents of the State of Missouri." (ECF No. 2 at 1.) It is well established that an allegation of *residence* is not the equivalent of an allegation of *citizenship*, Sanders, 823 F.2d at 216, and an allegation of residence does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). See Reece, 760 F.3d at 778. With respect to the Defendants' citizenship, the Petition alleges that Defendant B&C is "a corporation organized in the state of Illinois and registered with the state of Missouri," and that the Bernascos are "resident[s] of the State of Illinois." (ECF No. 2 at 1.) The Petition contains no factual allegations as to B&C's state of principal place of business, or of the Bernascos' state of citizenship.

Defendant B&C's Notice of Removal does not include any factual allegations concerning the parties' citizenship and merely asserts the legal conclusion that "there is diversity of citizenship between the parties." (ECF No. 1 at 1.) Nor does the Notice of Removal include factual allegations to establish that diversity of citizenship existed both at the time of filing and the time of removal.

The allegations of Plaintiffs' Petition and Defendant B&C's Notice of Removal therefore do not contain sufficient allegations regarding Plaintiffs' citizenship or Defendants' citizenship, both at the time of filing and the time of removal, to establish that complete diversity of citizenship exists in this matter.

## IV. Conclusion

For the reasons discussed above, the Court finds that removal of this matter was timely under 28 U.S.C. § 1446(b). The Court cannot determine, however, if it has subject matter jurisdiction over this action. The Court will grant defendant B&C Contracting Specialist Inc. seven (7) days to file an Amended Notice of Removal to adequately allege the requisite diversity of citizenship of the parties. See 28 U.S.C. § 1653. Defendant's failure to timely and fully comply with this Order will result in the remand of this case for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand to State Court is **DENIED**. [ECF No. 8]

**IT IS FURTHER ORDERED** that by **May 7, 2020**, Defendant B&C Contracting Specialist Inc. shall file an Amended Notice of Removal alleging facts sufficient to establish: (1) Plaintiffs' citizenship at the time of filing and the time of removal, (2) its own citizenship at the time of filing and removal, and (3) Defendants Brian Bernasco and Cassie Bernasco's citizenship at the time of filing and removal.

**IT IS FURTHER ORDERED** that if Defendant B&C Contracting Specialist Inc. does not timely and fully comply with this Order, this matter will be remanded to the state court from which it was removed, for lack of subject matter jurisdiction.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 30th day of April, 2020.